UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Shirley Fadden, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PNC Mortgage, et al., <br><br> Defendants. | Civil Action No. 1:14-cv-00145-TSE-JFA |

# **DEFENDANT PNC MORTGAGE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

———

Constantinos G. Panagopoulos
cgp@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC  20006-1157
Telephone: 202.661.2200
Facsimile: 202.661.2299

*Attorneys for Defendant, PNC Mortgage*

TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................................. 1

II.  ARGUMENT ........................................................................................................................ 2

    A.   Plaintiffs' First Amended Complaint is devoid of facts necessary to support the claims alleged.................................................................................... 2

    B.   Plaintiffs have not opposed PNC's motion to dismiss the intentional infliction of emotional distress claim, so it should be dismissed............................ 3

    C.   Plaintiffs'claim for breach of the implied covenant of good faith and fair dealing must be dismissed .................................................................................... 3

        1.   No covenant of good faith and fair dealing applies in this case ................. 3

        2.   PNC did not breach the duty of good faith by exercising its contractual right to foreclose ...................................................................... 4

        3.   The other conduct alleged in Count I is not properly pled in a breach of contract claim.............................................................................. 5

    D.   Plaintiffs' claims for willful FCRA violations should be dismissed because they are inadequately pled .................................................................................... 6

        1.   PNC was not objectively unreasonable in reporting Plaintiffs' credit as if Plaintiffs' litigation position was correct................................... 7

        2.   PNC was not objectively unreasonable in declining to report Plaintiffs' unmeritorious dispute; thus it did not willfully violate FCRA ...................................................................................................... 10

    E.   Plaintiffs' allegations for actual damages are speculative at best and need not be credited...................................................................................................... 10

III. CONCLUSION.................................................................................................................... 12

TABLE OF AUTHORITIES

CASES                                                                                                                PAGE(S)

*Akintunji v. Chase Home Fin., LLC*,
  Civ. Action No. H–11–389, 2011 WL 2470709 (S.D.Tex. June 20, 2011)...............................6

*Albayero v. Wells Fargo Bank, N.A.*,
  No. 3:11CV201, 2011 U.S. Dist. LEXIS 114974 (E.D. Va. Oct. 5, 2011)...............................3

*Atkins v. City of Chicago*,
  631 F.3d 823 (7th Cir.2011) (Posner, J.) ...............................................................................2, 9

*Bagley v. Wells Fargo Bank, N.A.*,
  3:12-CV-617, 2013 WL 350527 (E.D. Va. Jan. 29, 2013) ........................................................4

*Blaney v. Beneficial Fin. I, Inc.*,
  7:13CV00333, 2014 WL 888419 (W.D. Va. Mar. 6, 2014) ......................................................4

*De Vera v. Bank of Am., N.A.*,
  2012 WL 2400627 ......................................................................................................................6

*EEOC v. Concentra Health Servs., Inc.*,
  496 F.3d 773 (7th Cir.2007) ..................................................................................................2, 9

*Fuges v. Sw. Fin. Servs., Ltd.*,
  707 F.3d 241 (3d Cir. 2012).......................................................................................................8

*Gasner v. County of Dinwiddie*,
  162 F.R.D. 280 (E.D.Va.1995). .................................................................................................4

*Gorman v. Wolpoff & Abramson, LLP*,
  584 F. 3d 1147 (9th Cir. 2009) .........................................................................................6, 7, 10

*Harrison v. US Bank Nat. Ass'n*,
  3:12-CV-00224, 2012 WL 2366163 (E.D. Va. June 20, 2012) .................................................4

*Hecker v. Deere & Co.*,
  556 F.3d 575 (7th Cir.2009) ..................................................................................................2, 9

[Johnson]

*Jones v. Fulton Bank, N.A.*,
  3:13-CV-126, 2013 WL 3788428 (E.D. Va. July 18, 2013).................................................2, 4

*Mcinnis v. BAC Home Loan Servicing, LP*,
  2:11CV468, 2012 WL 383590 (E.D. Va. Jan. 13, 2012).......................................................5, 6

*Morrison v. Wells Fargo Bank, N.A.*,
   2:13CV576, 2014 WL 198666 (E.D. Va. Jan. 15, 2014)..........................................................3

*Orthmann v. Apple River Campground*,
   757 F.2d 909 (7th Cir.1985) ...............................................................................................2, 9

*Parks v. BAC Home Loan Servicing, LP*,
   825 F. Supp. 2d 713 (E.D. Va. 2011) ......................................................................................6

*Robinson v. Equifax Info. Servs., LLC*,
   560 F.3d 235, 240 (4th Cir. 2009) ........................................................................................11

*Safeco Ins. Co of Am. V. Burr*,
   551 U.S. 47 (2007)............................................................................................................ 2, 8 -10

*Saunders v. Branch Banking and Trust Co. of Va.*,
   526 F. 3d 142 (4th Cir. 2008) ................................................................................................10

*Spiller v. James River Corp.*,
   32 Va. Cir. 300 (1993) ............................................................................................................3

*Tamayo v. Blagojevich*,
   526 F.3d 1074 (7th Cir.2008) .............................................................................................2, 9

*Trudeau v. FTC*,
   456 F.3d 178 (D.C.Cir.2006) ..............................................................................................2, 9

*Whitlock v. St.*,
   *3:12CV95-HEH*, 2012 WL 3686434 (E.D. Va. Aug. 24, 2012).......................................1, 2, 9

*Young v. Wachovia Mortg. Co.*,
   11–CV–01963–CMA, 2011 WL 6934110 (D.Colo. Dec.30, 2011).........................................6

**STATUTES**

FCRA § 1681s-2(b).................................................................................................................7, 9, 10

**I.     INTRODUCTION[1]**

The claims alleged are not implausible because Plaintiffs haven't said enough, but because they plead themselves out of court. *Whitlock v. St., 3:12CV95-HEH*, 2012 WL 3686434 (E.D. Va. Aug. 24, 2012) ( "[C]ourts recognize that a plaintiff can plead himself out of court by pleading facts that show that he has no legal claim.")

While PNC was litigating with Plaintiffs over the validity of the foreclosure at issue, Plaintiffs allegedly complained through Bureau Defendants[2] that the foreclosure was invalid and that PNC should not have been reporting them as delinquent. Instead, Plaintiffs claim that PNC should have been reporting a disputed foreclosure. PNC's failure to make this alternate reporting allegedly caused Plaintiffs an unspecified number of sleepless nights, undiagnosed emotional "distress," and lost credit opportunities.  These they dub "some of the worst imaginable damages." (Opp. p. 1.). It is not plausible to believe that Plaintiffs preferred reporting would have somehow mitigated the alleged harm.[3]

---

[1] Because the well-pled allegations in the Amended Complaint must be accepted as true at this stage, the facts set forth in this brief are taken from Plaintiffs' Amended Complaint, unless specifically noted otherwise. PNC does not at this time admit any of the allegations in the Amended Complaint and reserves the right to plead facts or introduce evidence contradicting the facts set forth in this brief.

[2] As in PNC's Motion to Dismiss, "Bureau Defendants" refers to the other defendants in this case, Equifax Information services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC.

[3] To bring the facts of their case more in line with the cases they cite, for the first time in their opposition, Plaintiffs claim that PNC "induced" them into defaulting on their obligations by refusing to accept partial payments during the course of the Fairfax Litigation. Of course, this alleged refusal to accept partial payments was a mere exercise of PNC's contractual rights. The Deed of Trust states, "Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." (Deed of Trust ¶ 1.) Thus the conduct alleged cannot form the basis of the claims asserted, as discussed below.

Not only is Plaintiffs' inducement allegation irrelevant, it is contradicted by the facts alleged in the Amended Complaint. Plaintiffs have never stated that they could bring the loan current. In

More importantly, PNC's reporting the debt as it did, was consistent with an objectively reasonable interpretation of FCRA. Accordingly, under the U.S. Supreme Court's *Safeco* decision, PNC did not willfully violate FCRA. And, because Plaintiffs have not put forth a plausible claim for actual damages, the FCRA claims in the Amended Complaint should be dismissed.

The remaining counts should be dismissed as well. Plaintiffs did not oppose PNC's motion to dismiss the intentional infliction of emotional distress claim. And, as noted in PNC's opening brief, no covenant of good faith and fair dealing claim is recognized in these circumstances.

## II. ARGUMENT

### A. Plaintiffs' First Amended Complaint is devoid of facts necessary to support the claims alleged

Just because Plaintiffs' Amended Complaint is long doesn't mean it guarantees them a day in court. "[C]ourts recognize that a plaintiff 'can plead himself out of court by pleading facts that show that he has no legal claim.'" *Whitlock v. St., 3:12CV95-HEH*, 2012 WL 3686434 (E.D. Va. Aug. 24, 2012) (*citing Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir.2011) (Posner, J.); *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir.2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir.2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir.2007); *Orthmann v. Apple River Campground*, 757 F.2d 909, 915 (7th Cir.1985); and

---

fact, they say quite the opposite. They allege that when they were presented with the monthly payment amount under a proposed loan modification that there were "obvious problems" with it. (Am. Compl. ¶ 53.) So, PNC's refusal to accept payments cannot have caused Plaintiffs to remain in default. *Jones v. Fulton Bank, N.A.*, 3:13-CV-126, 2013 WL 3788428 (E.D. Va. July 18, 2013) ("In this case, Plaintiffs do not claim that they would have been able to pay the amount they believe they owe, that they overpaid based on the alleged misstatement, or that they paid any amount whatsoever in an attempt to cure the default. Therefore, even if the Notice Letter materially overstated the amount due, Plaintiffs have not alleged that they suffered any harm as a result. Accordingly, the Court GRANTS the Motion to dismiss Count One.")

*Trudeau v. FTC*, 456 F.3d 178, 193 (D.C.Cir.2006)). Such is the case here. Plaintiffs suggest that PNC is ignoring the "salient facts" in the Amended Complaint. PNC is not ignoring salient facts; it is focusing this Court's attention on the facts that matter among the voluminous irrelevant allegations that Plaintiffs erroneously contend make their claims plausible.

**B. Plaintiffs have not opposed PNC's motion to dismiss the intentional infliction of emotional distress claim, so it should be dismissed**

Plaintiffs apparently recognized that that their claim for the intentional infliction of emotional distress was baseless. They have not opposed PNC's motion to dismiss this claim. Accordingly, Count II should be dismissed.

**C. Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing must be dismissed**

**1. No covenant of good faith and fair dealing applies in this case**

As PNC explained in its opening brief, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed because Virginia does not recognize it as independent cause of action in these circumstances. *Albayero v. Wells Fargo Bank, N.A.*, No. 3:11CV201, 2011 U.S. Dist. LEXIS 114974 at *15 (E.D. Va. Oct. 5, 2011); *see also, Spiller v. James River Corp.*, 32 Va. Cir. 300 (1993) ("Virginia law does not recognize a claim for breach of a covenant of good faith and fair dealing. Virginia Circuit courts that have considered such claims have consistently rejected them."). *See also Morrison v. Wells Fargo Bank, N.A.*, 2:13CV576, 2014 WL 198666 (E.D. Va. Jan. 15, 2014) ("[B]reach of covenant of good faith and fair dealing is not an independent cause of action in this case because the Uniform Commercial Code ("U.C.C.") does not apply to such a transaction that involves creation or transfer of an interest in real property.")

3

As this court has held on numerous occasions, in Virginia, *no duty of good faith and fair dealing arises in realty contracts*.[4] So, "[e]ven if Plaintiffs ha[ve] alleged a breach of contract claim stemming from a failure to act in good faith and fair dealing, Virginia law does not recognize an implied covenant of good faith and fair dealing in contracts outside of those governed by the Uniform Commercial Code (U.C.C.), and the U.C.C. expressly excludes the transfer of realty from its provisions.'" *Jones v. Fulton Bank, N.A.*, 3:13-CV-126, 2013 WL 3788428 (E.D. Va. July 18, 2013); *Bagley v. Wells Fargo Bank, N.A.,* 3:12-CV-617, 2013 WL 350527 (E.D. Va. Jan. 29, 2013) (same); *Harrison v. US Bank Nat. Ass'n*, 3:12-CV-00224, 2012 WL 2366163 (E.D. Va. June 20, 2012). Because the duty of good faith and fair dealing did not apply to PNC in this case, Count I of the Amended Complaint must be dismissed.

### 2. PNC did not breach the duty of good faith by exercising its contractual right to foreclose

Even if a covenant of good faith and fair dealing were found to apply in this case, it did not attach to the conduct at issue because PNC acted in accordance with express contractual terms. *Blaney v. Beneficial Fin. I, Inc.*, 7:13CV00333, 2014 WL 888419 (W.D. Va. Mar. 6, 2014) ("However, no implied duty arises with respect to activity governed by express contractual terms."). Here, Plaintiffs allege that PNC "failed to perform its duty of good faith and fair dealing . . . by foreclosing on the home in April 2012 after PNC assured Plaintiffs that the foreclosure would not occur and Plaintiffs would be offered a modification." (Am. Compl. ¶ 112.) But because PNC foreclosed pursuant to the express terms of the Deed of Trust, no duty of good faith and fair dealing applied to its conduct.[5]

---

[4] Plaintiffs misstate the law in alleging that every contract in Virginia contains an implied duty of good faith and fair dealing. (Opp p. 11.)

[5] It is entirely proper for this Court to consider the Deed of Trust, attached as an exhibit to PNC's Motion to Dismiss, for the reason stated in Footnote 2 of PNC's opening brief. In addition,

### 3. The other conduct alleged in Count I is not properly pled in a breach of contract claim

Plaintiffs cite other conduct allegedly undertaken by PNC in violation of the implied duty of good faith and fair dealing, including alleged misconduct in handling Plaintiffs' loan modification (Opp. p. 15.). PNC was under no contractual duty to Plaintiffs to offer them a loan modification. The Deed of Trust expressly stated that offering to assist Plaintiffs would not constitute a waiver of PNC's right to act in accordance with its express terms. (*See* Deed of Trust ¶ 12 ("Any forbearance by Lender in exercising any right or remedy . . . shall not be a waiver of or preclude the exercise of any right or remedy.")).

As this Court has recognized on numerous occasions, alleged misconduct relating to a loan modification does not give rise to a cause of action for breach of the implied covenant of good faith and fair dealing. For example, in *Mcinnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 383590 (E.D. Va. Jan. 13, 2012) *report and recommendation adopted*, 2:11CV468, 2012 WL 368282 (E.D. Va. Feb. 3, 2012), this court dismissed a similar claim where Plaintiff alleged misconduct in relation to a loan modification. There, "Plaintiff [alleged] that [Bank of America's ("BOA")] actions with regard to the negotiation of a loan modification breached implied duties created by the Note and Deed of Trust." *Id.* The court dismissed those claims because "Plaintiff cannot employ the implied duty of good faith and fair dealing to create obligations with respect to loan modification that were not present in the underlying contracts." *Id.* Therefore, the Court held, "Plaintiff's assertion that BOA breached the covenant of good faith and fair dealing contained in the Note and Deed of Trust, by leading her to believe she would

---

Plaintiffs themselves made the Deed of Trust a matter of public record by attaching it to their Complaint in the Fairfax Litigation. *See* Exhibit A. *See Jones v. Fulton Bank, N.A.*, 3:13-CV-126, 2013 WL 3788428 (E.D. Va. July 18, 2013) ("This Court may take judicial notice of official public records, such as state court records, that are pertinent to the plaintiff's claims, even if they are not 'quoted, relied upon, or incorporated by reference in the complaint.'") (*citing Gasner v. County of Dinwiddie,* 162 F.R.D. 280, 282 (E.D.Va.1995).

receive a loan modification and then instituting foreclosure proceedings, does not state a valid cause of action." *Id.* Plaintiffs' claim should be dismissed in similar fashion.[6]

### D. Plaintiffs' claims for willful FCRA violations should be dismissed because they are inadequately pled

Under the applicable provisions of FCRA, PNC cannot be liable for a willful violation if it acted in an objectively reasonable manner under the circumstances. As the Ninth Circuit recognized while interpreting the Fourth Circuit's decision in *Johnson*, "the reasonableness of an investigation depends on the facts of the particular case." *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147, 1160 (9th Cir. 2009) (rejecting the argument that "under the Fourth Circuit's opinion in *Johnson*, it is per se unreasonable for a furnisher to rely solely on internal account records when investigating a consumer dispute"). This might ordinarily suggest the need for

---

[6] The subtle attempt by Plaintiffs to import the Home Affordable Modification Program guidelines into this case as a substitute for the common law duty of good faith must also be rejected. (Opp. P. 15.) As innumerable courts have done, this Court should also reject Plaintiffs' attempts to create for themselves a private right of action under the HAMP guidelines by shoehorning them into the implied duty of good faith and fair dealing. *Parks v. BAC Home Loan Servicing, LP*, 825 F. Supp. 2d 713, 716 (E.D. Va. 2011) ("The Court will also dismiss Park's implied duty of good faith and fair dealing claim as it is merely another attempt to recast the HAMP claim."); *De Vera v. Bank of Am., N.A.*, 2012 WL 2400627 ("Plaintiff attempts to mask HAMP violations under the guise of an implied covenant of good faith and fair dealing. Courts have routinely dismissed similar HAMP claims that are disguised as a violation of the duty of good faith and fair dealing"); *Mcinnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 383590 (E.D. Va. Jan. 13, 2012) report and recommendation adopted, 2:11CV468, 2012 WL 368282 (E.D. Va. Feb. 3, 2012) ("Plaintiff is attempting to recast BOA's alleged HAMP violations as violations of the duty of good faith and fair dealing. Courts have routinely dismissed similar claims brought under the auspices of a violation of the duty of good faith and fair dealing."); *Young v. Wachovia Mortg. Co.*, 11–CV–01963–CMA, 2011 WL 6934110 (D.Colo. Dec. 30, 2011) (stating that the Plaintiff's claim of a breach of good faith and fair dealing "seeks to impose new duties upon Defendants and grant Plaintiff[s] new rights based on a modification of the original loan."); *Akintunji v. Chase Home Fin., LLC*, Civ. Action No. H–11–389, 2011 WL 2470709, at *4 (S.D.Tex. June 20, 2011) (holding that an alleged failure to assist with the HAMP program does not amount to a breach of the duty of good faith and fair dealing).

6

further factual development. But here, the facts that Plaintiffs allege demonstrate that their case must be dismissed.

Plaintiffs have alleged three facts which, if taken as true, lead inevitably to the dismissal of the willful violations of the FCRA counts of the Amended Complaint:

- They state first that PNC was actively litigating with them over the validity of the foreclosure at issue. (Am. Compl. ¶ 64, 66, 67, 69, 70.)

- Second, they allege that PNC believed Plaintiffs' FCRA dispute to have been unmeritorious. (*Id.*)

- Finally, they allege facts showing that PNC reported on their credit *as it would have* if Plaintiffs had been successful in the state court litigation. (*Id.* at ¶ 88.)

No other fact that Plaintiffs allege can save their willful FCRA claims. PNC has not ignored the salient facts. It has merely focused this Court's attention on the only facts that matter in considering whether to dismiss Plaintiffs' Amended Complaint.

### 1. PNC was not objectively unreasonable in reporting Plaintiffs' credit as if Plaintiffs' litigation position was correct

In Counts III and IV of the Amended Complaint, Plaintiffs claim that PNC willfully violated FCRA § 1681s-2(b)(1)(A) and (B). PNC allegedly did so by failing to conduct a reasonable investigation of the dispute that Plaintiff submitted through the Bureau Defendants. Ignoring the precedent they cite, Plaintiffs claim that PNC was required to conduct a detailed and searching review of its records and of the information received from the Bureau Defendants upon receipt of the dispute, which, according to Plaintiffs, did little more than tell PNC what it already knew.

Under Plaintiffs' own authorities, it is clear that PNC was not required to conduct a detailed and searching review under these circumstances. In *Gorman*, the Third Circuit explained that the Fourth Circuit, in *Johnson*, held that "the reasonableness of an investigation depends on the facts of the particular case." *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d at 1160.

7

Here, no more than the cursory review of PNC's computer screens or of the information received from the Bureau Defendants was required for PNC to know that it did not have to change its reporting in response to Plaintiffs' dispute. As Plaintiffs admit, PNC had been reporting their loans as delinquent prior to the foreclosure and continued to do so while the parties litigated over the foreclosure's validity. Under the facts as alleged, PNC had been and continued to give Plaintiffs the benefit of the doubt in the way it reported their credit. It was not objectively unreasonable for PNC to believe that a detailed review of its files was unnecessary under these circumstances based on the law as it had been expounded-upon by the Fourth Circuit at the time.[7]

Under the U.S. Supreme Court's decision in *Safeco Ins. Co of Am. V. Burr*, 551 U.S. 47 (2007), PNC is liable for willfully violating FCRA only if it acted based on an objectively unreasonable interpretation of the statute's requirements. Accordingly, under the available guidance that Plaintiffs cite, PNC was not unreasonable in declining to conduct a detailed and searching review of its files under the circumstances. PNC, therefore, cannot be liable for having willfully violated the statute.

The attempt to blockade *Safeco'*s safe harbor must be rejected. Plaintiffs claim that this case cannot be resolved under *Safeco* at the motion to dismiss stage (i) because no facts are on record about whether PNC actually interpreted FCRA as described above and (ii) because the goal at this stage is to determine whether the Amended Complaint is sufficient. Neither argument withstands scrutiny.

---

[7] Plaintiffs also allegedly complained that PNC was wrongfully refusing to accept payments during the foreclosure. (Am. Compl. ¶ 88.) This grievance too required nothing more than a cursory review to dispel. As noted above, under the Deed of Trust, PNC was not contractually obligated to accept any payment that was insufficient to cure the default. *See* footnote 2, *supra.*

First, whether PNC actually adopted the interpretation prior to litigation is irrelevant, because Safeco's test is an objective one. The Third Circuit in *Fuges* (which Plaintiffs cite) made this abundantly clear. It held that "[defendant] does not lose the potential protection of [*Safeco's*] 'reasonable interpretation' defense, even if it never actually interpreted FCRA prior to the commencement of this lawsuit." *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 251 (3d Cir. 2012). It went on to state that "*Safeco* requires only that 'the company's reading of the statute is objectively reasonable,' . . . and that the interpretation that would allow the conduct in question is 'an interpretation that could reasonably have found support in the courts' []." *Id.* (internal citations omitted). "*Safeco* does not require that the defendant actually have made such an interpretation at any particular point in time." *Id.*

Second, Plaintiffs are correct that only the sufficiency of the Amended Complaint is being tested at this stage. But if Plaintiffs allege facts that would lead to dismissal, a Court need not ignore them. As previously noted, Plaintiffs in general can, and Plaintiffs here have, plead themselves out of a claim. *Whitlock,* 2012 WL 3686434 (*citing Atkins*, 631 F.3d at 832; *Hecker*, 556 F.3d at 588; *Tamayo*, 526 F.3d at 1086; *Concentra Health Servs., Inc.*, 496 F.3d at 777; *Orthmann*, 757 F.2d at 915; and *Trudeau*, 456 F.3d at 193).

Therefore, PNC cannot be found to have willfully violated § 1681s-2(b)(1)(A) and (B), and any claims for damages based on a willful violation of these sections in Counts III and IV of the Amended Complaint must be dismissed.[8]

---

[8] The suggestion that by pleading that PNC has been sued in the past for alleged FCRA violations, prevents it from arguing that it has not willfully violated FCRA must be rejected. Under that reasoning, whenever any entity is sued the second time it automatically loses the ability to seek early dismissal of willfulness claims. That is not and cannot be the law.

      **2.    PNC was not objectively unreasonable in declining to report Plaintiffs' unmeritorious dispute; thus it did not willfully violate FCRA**

In Count V of the Amended Complaint, Plaintiffs claim that PNC willfully violated FCRA § 1681s-2(b)(1)(C). PNC allegedly did so by failing to tell the Bureau Defendants that Plaintiffs disputed the way it had been reporting on their default during the course of the Fairfax Litigation. At the same time, Plaintiffs acknowledge that throughout the Fairfax Litigation, PNC asserted "the validity of the foreclosure sale." Under the precedent Plaintiffs cite, PNC was not unreasonable in believing that the dispute reporting was not required.

PNC would not have been unreasonable in believing that it was required to notate debts as disputed only if it believed that the disputes were potentially valid. *Saunders v. Branch Banking and Trust Co. of Va.*, 526 F. 3d 142, 151 (4th Cir. 2008) ("Because neither party has suggested otherwise, we assume without deciding that a furnisher incurs liability under § 1681s-2(b) only if it fails to report a meritorious dispute."); *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d at 1163 (interpreting *Saunders*) ("In other words, a furnisher does not report 'incomplete' or 'inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading.").

Therefore, under *Safeco*, PNC cannot be found to have willfully violated § 1681s-2(b)(1)(C) and any claims for damages based on a willful violation of this section in Count V of the Amended Complaint must be dismissed.

    **E.    Plaintiffs' allegations for actual damages are speculative at best and need not be credited**

Absent any willfulness claims, Plaintiffs must allege actual damages for their Amended Complaint to survive a motion to dismiss. Plaintiffs' actual damages claims are so far-fetched,

however, that they should be disregarded and the Amended Complaint should be dismissed in its entirety.

Plaintiffs' damages can be separated into three categories: the first comprises their claim for lost credit opportunities ("credit opportunity damages"); the second comprises Plaintiffs' claims for lost time from work due to the time needed to correct PNC's alleged errors ("work time claims"); and the third comprises claims relating to Plaintiffs' emotional health, such as the alleged lost sleep, emotional distress, humiliation, embarrassment, and damage to reputation ("emotional health claims"). Each is addressed below in turn.

The claim for credit opportunity damages is so conclusory that it cannot be credited. Plaintiffs have not named a single credit transaction that they could not enter into as a result of PNC's alleged failure to conduct an investigation or report the foreclosure as disputed. Moreover, even if Plaintiffs could in good faith make such an allegation, it is preposterous to believe that a creditor would have granted credit to a plaintiff with a disputed foreclosure on their record, but not to a plaintiff with a reported delinquency. Thus, the lost credit opportunity damages are inadequately pled and implausible and should be dismissed.

The work time claims are similarly conclusory. The case Plaintiffs cite to show their entitlement to the work time claims involved a plaintiff who spent hundreds of hours over several years trying to correct erroneous credit reporting. *Robinson v. Equifax Info. Servs., LLC*, 560 F. 3d 235, 240 (4th Cir. 2009). Here, Plaintiffs allegedly sent a total of six letters to the three Bureau Defendants. They do not allege a single fact suggesting that they had to take time off of work to correct the alleged credit reporting. Thus the work time damages claims should be dismissed.

The emotional health claims are the worst of all. Plaintiffs are asking this court to believe that the difference between disputed foreclosure reporting and delinquency reporting was so great in Plaintiffs' minds that they would have been better off emotionally if PNC had changed the reporting. Without making light of Plaintiffs' difficult financial circumstances, such allegations cannot be credited and cannot save Plaintiffs' Amended Complaint from dismissal.

More importantly, as explained above, PNC was under no obligation to conduct a detailed, searching investigation of its files under the circumstances alleged in the Amended Complaint. So, any damages Plaintiffs may have actually suffered were not caused by PNC's conduct. Plaintiffs' situation is unfortunate, but it was not caused by PNC.

### III. CONCLUSION

For the foregoing reasons, this Court should grant PNC's Motion to Dismiss as to Counts I, II, III, IV, and V of the Amended Complaint.

Respectfully submitted,

*/s/* Constantinos G. Panagopoulos
Constantinos G. Panagopoulos
cgp@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC  20006-1157
Telephone: 202.661.2200
Facsimile: 202.661.2299

Date:   March 18, 2014              *Attorneys for Defendants, PNC Mortgage*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2014, I filed the foregoing using this Court's E-filing system, which served a copy on all parties or their counsel of record.

/s/ Constantinos G. Panagopoulos
Constantinos G. Panagopoulos